IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSICA D. CHIPMAN, <br>     Plaintiff, <br><br> v. <br><br> NEWNAN COWETA EVENT <br> CENTER, LLC <br>     Defendant. | CIVIL ACTION NO.: _____ <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Jessica D. Chipman, by and through undersigned counsel, and hereby files this COMPLAINT against Defendant Newnan Coweta Event Center, LLC (hereinafter Defendant) and shows the Court as follows:

1. Ms. Chipman was an employee of Newnan Coweta Event Center, LLC and brings this action against the Defendant for compensation for failure to pay minimum wage, lost wages, liquidated damages, attorney's fees, costs, interest and any other relief authorized under the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et. seq.*

1

(hereinafter "FLSA") for losses suffered as a result of the Defendant's unlawful acts.

## JURISDICTION AND VENUE

2.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon the District Court "of all civil actions arising under the constitution, laws, or treaties of the United States." This action arises by way of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, a federal statute.

3.   The Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 as it pertains to Ms. Chipman's Breach of Contract claim.

4.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the acts, events and omissions which violated the FLSA occurred in the Northern District of Georgia.

5.   Defendant may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by delivering the Summons and Complaint to its Registered Agent Mark D. Oldenburg, 2004 Commerce Dr. North, Suite 2000, Peachtree City, GA 30269.

## ENTERPRISE AND INDIVIDUAL COVERAGE UNDER THE FLSA

6.  Defendant is a Georgia Corporation that provides restaurant services to the public at large and is an employer as defined by 29 U.S.C. §203(d).

7.  Defendant also provides an entertainment venue for musicians and artists.

8.  At all times relevant to this lawsuit Defendant was an enterprise with more than two employees and over $500,000.00 per year in sales or business.

9.  As a part of her job, Ms. Chipman regularly worked with food that had been shipped in interstate commerce.

10. As part of her job Ms. Chipman regularly handled credit card transactions that were processed by payment companies outside of Georgia.

11. As part of her job Ms. Chipman regularly served customers who were in the process of traveling from one state to another.

## FACTS THAT GIVE RISE TO THE FLSA VIOLATIONS

12. Ms. Chipman worked for Defendant from April, 2014 through October, 2014 as a server.

13. During training Ms. Chipman was paid $3.00 per hour, even though she could not receive tips during training.

14. After training was complete Ms. Chipman was paid a regular wage of $3.00 an hour, plus tips.

15. Ms. Chipman's duties included traditional restaurant server duties, such as preparing silverware, taking meal orders, delivering meals, refilling drinks, cleaning tables, and collecting payment from customers.

16. Ms. Chipman also had side work to complete during her shift. Side work included various cleaning duties that were expected to be done during the shift.

17. Ms. Chipman also had a variety of duties that she had to do after the restaurant closed. For example, she had to clean the restaurant and prepare it for opening the following day.

18. At the end of the night, after the last customer paid, Ms. Chipman was trained and instructed to run her nightly sales report. At the final screen on the sales report, there was a clock-out option. Ms. Chipman was trained to click Yes button on the clock-out screen, even though there might still be hours of work left to do. Ms. Chipman was not paid for this time she worked off the clock.

19. Because business was often slow, even after including the tips Ms. Chipman would receive, she was paid less than the minimum wage of $7.25 per hour.

20. Ms. Chipman was also required to perform duties which are not traditionally considered to be part of tipped roles, such as handing out fliers for events, placing fliers on car windshields, preparing food prior to business hours, and janitorial work after business hours.

21. Ms. Chipman was only paid $3.00 per hour for these non-traditional server duties.

22. The Defendant did not post a wage and hour poster as required by 29 C.F.R. 516.4.

23. The Defendant did not give notice to Ms. Chipman of their obligations concerning tipped employees as required by 29 U.S.C. §203(m).

24. By way of a letter from her attorney, Ms. Chipman brought these violations to the attention of the Defendant in December of 2014 and the Defendant failed to respond to Ms. Chipman's attorney.

### COUNT I VIOLATION OF FAIR LABOR STANDARDS ACT – MINIMUM WAGE 29 U.S.C. §206(a)(1)(C)

25. Plaintiff reincorporates and readopts all allegations contained in paragraphs one through twenty-four above.

26. Plaintiff was entitled to be paid at least the minimum hourly wage of $7.25 per hour.

27. During her employment with Defendant, Plaintiff was paid her regular wage of $3.00 per hour, but did not receive enough tips to bring her hourly pay rate to minimum wage.

28. During her employment Ms. Chipman was required to work off the clock.

29. During her employment Ms. Chipman was required to do duties not normally associated with that of a tipped employee, but was only paid $3.00 per hour for those duties.

30. Defendant understood Ms. Chipman was not making minimum wage and was working off the clock and acted intentionally, willfully, and unlawfully in refusing to pay Ms. Chipman minimum wage compensation. Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to recover lost wages and liquidated damages.

## COUNT II BREACH OF CONTRACT

32. Plaintiff reincorporates and readopts all allegations contained in paragraphs one through twenty-four above.

33. Defendant was contractually obligated to pay Ms. Chipman for the work that she did while employed with Defendant's company.

34. Defendant breached this contract when it made Ms. Chipman work off the clock.

35. Ms. Chipman was damaged by the breach of contract.

36.    The conduct of Defendant constitutes those aggravating circumstances that entitle Ms. Chipman to recover punitive damages pursuant to O.C.G.A. §51-12-5.1

37.    The actions of Defendant constitute and are evidence of bad faith conduct in the series of events that give rise to the cause of action and entitle Ms. Chipman to recover all the expense of litigation, including reasonable attorney fees as provided by O.C.G.A. §13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Chipman demands judgment against the Defendant for payment of all hours at the minimum wage rate of pay, lost wages, liquidated damages, attorney's fees, costs, interest, and all further relief the Court or Jury determines to be just and appropriate.

## JURY DEMAND

Ms. Chipman requests a Jury Trial for all issues this Court deems appropriate for the jury.

Dated this 30th day of January, 2015.

/s/ *Thomas C. Wooldridge*
Thomas C. Wooldridge
Georgia Bar No. 384108

Wooldridge & Jezek, LLP
1230 Peachtree Street NE
Suite 1900
Atlanta, GA 30309
Tel: 404.942.3300
Fax: 404.942.3302
Attorney for Plaintiff